UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MICHAEL PISCIOTTA,

                Petitioner,

           - against -                          MEMORANDUM AND ORDER
                                                       08-CV-5221 (RRM) (MDG)
NADEJDA DOBRYNINA and DEPARTMENT OF
HOUSING PRESERVATION AND DEVELOPMENT,

                Respondents.
------------------------------------------------------------------X
MAUSKOPF, United States District Judge.

       This action, originally filed in October 2007 in the Housing Part of the Civil Court of the City of New York, Kings County, was removed to this Court on December 24, 2008. For the reasons set forth below, this case is REMANDED to the state court pursuant to 28 U.S.C. § 1447(c). In addition, Dobrynina's attorney, M. Douglas Haywoode, is ORDERED to show cause why he should not be sanctioned pursuant to Federal Rule of Civil Procedure 11 for filing a plainly frivolous Notice of Removal. The Court will retain jurisdiction over the parties for the purposes of addressing the Rule 11 issue and to entertain any application by Pisciotta and/or HPD, pursuant to 28 U.S.C. § 1447(c), for the costs and expenses, including attorney fees, incurred as a result of the removal.

## BACKGROUND

       On October 29, 2007, Petitioner Michael Pisciotta ("Pisciotta") filed a Verified Petition in Kings County Housing Court, naming Nadejda Dobrynina ("Dobrynina"), Victor Saytsev ("Saytsev"), and the Department of Housing Preservation and Development ("HPD") as respondents. Pisciotta, a tenant in the building located at 3815 Seagate Avenue in Brooklyn, sought an order:

1

(i) compelling the owners(s) and/or agent(s) of his building to make certain repairs to his apartment, and (ii) directing HPD to take enforcement action against the building's owner(s) and/or agent(s). This type of proceeding, brought pursuant to Section 27-2115 of the Administrative Code of the City of New York, is commonly referred to as an "HP proceeding."[1] HP proceedings provide a mechanism for tenants to seek redress for alleged violations of housing standards laws. See N.Y. Administrative Code § 27-2115(a), (c).

Also on October 29, 2007, a Judge of the Housing Court issued an order directing the respondents to show cause why they should not be required to correct the alleged violations. On November 1, 2007, Pisciotta, Dobrynina, and Saytsev appeared in Housing Court and settled the case by stipulation on the condition that certain repairs, including restoration of gas service, would be made within 14 days. See Pisciotta v. Saytsev, No. 2809/2007 (N.Y. Civ. Ct. Sept. 4, 2008) (order granting Pisciotta's motion for an order to show cause and denying Dobrynina's cross-motion to vacate the stipulation) (hereinafter, the "Sept. 4 Order").

Evidently the key repairs, including restoring gas to the premises, were not made, prompting Pisciotta to file a motion in the Housing Court seeking enforcement of the terms of the stipulation. Id. Dobrynina, through counsel, opposed Pisciotta's motion and cross-moved to vacate the stipulation, arguing that the repairs were prohibitively expensive. Id. The Housing Court denied Dobrynina's cross-motion, concluding, inter alia, that Dobrynina was well aware of the cost of repairs prior to entering into the stipulation of settlement, and scheduled a hearing on civil penalties for Dobrynina's failure to comply with the terms of the stipulation. Id.

---

[1] See, e.g., D'Agostino v. Forty-Three E. Equities Corp., 842 N.Y.S.2d 122, 123 (N.Y. App. Div. 2007) (describing "HP proceedings"); see also New York State Unified Court System, "Starting a HP Proceeding to Obtain Repairs," available at http://www.courts.state.ny.us/courts/nyc/housing/startinghp.shtml.

By Notice of Removal filed on December 24, 2008, Dobrynina removed the Housing Court action to this Court pursuant to 28 U.S.C. § 1446. Noting an apparent lack of subject matter jurisdiction and numerous procedural defects in the removal, this Court issued an Order on December 31, 2008, directing Dobrynina to show cause why this action should not be remanded to state court pursuant to 28 U.S.C. § 1447(c). See Docket No. 2 (the "Dec. 31 Order").[2] On January 21, 2009, the parties appeared for oral argument before the Court.

## APPLICABLE LAW

A district court has the duty to determine the existence of subject matter jurisdiction in every case before it. See, e.g., United Food & Commercial Workers Union, Local 919 v. Centermark Props. Meriden Square, Inc., 30 F.3d 298, 301 (2d Cir. 1994). Where, as here, jurisdiction appears to be lacking, the Court must raise the issue sua sponte. Id. The federal removal statute, 28 U.S.C. § 1441(a), provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction" may be removed to the district court embracing the place where the action is pending.

Where the removing party invokes a district court's federal question jurisdiction, he or she bears the burden of establishing that the action removed is one "arising under" federal law. See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under

---

[2] The Court also ordered Dobrynina to serve a copy of the Dec. 21 Order, together with the Notice of Removal and all supporting documents, on all parties and to file proof of service with the Court by January 5, 2009. The Court ordered Dobrynina to address the issues raised in the Dec. 31 Order in a written submission to the Court, to be filed by January 8, 2009. Dobrynina did not file proof of service of the Dec. 31 Order or the Notice of Removal and supporting documentation by January 5. Instead, on January 7, 2009, Dobrynina filed a letter requesting an extension of her time to file a response to the issues raised in the Dec. 31 Order. By electronic Order dated January 7, 2009 (the "Jan. 7 Order"), the Court gave Dobrynina until January 9, 2009 to file her written submission as required by the Dec. 31 Order, together with proof of service on all parties of the Jan. 9 Order, the Notice of Removal, and all documents supporting the Notice of Removal. Dobrynina did not file her written submission in response to the Court's Dec. 31 Order and Jan. 7 Order by January 9, 2009, nor did she file proof of service of either Order or the Notice of Removal and supporting documentation by that date. Ultimately, Dobrynina filed her written submission and proof of service on January 14, 2009.

3

the Constitution, laws, or treaties of the United States."); Cal. Pub. Emples. Ret. Sys. v. Worldcom, Inc., 368 F.3d 86, 100 (2d Cir. 2004) (citation omitted) (defendant bears the burden of establishing the propriety of removal). It is well settled that federal question jurisdiction "exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint" and that "a case may not be removed to federal court on the basis of a federal defense." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392-93 (1987) (emphasis in original) (citations omitted).

## DISCUSSION

### A. Lack of Subject Matter Jurisdiction

Dobrynina's purported basis for invoking this Court's removal jurisdiction more than a year after the commencement of the Housing Court action is that, during the course of those proceedings, she has somehow been subjected to a regulatory "taking" within the meaning of the Fifth and Fourteenth Amendments to the United States Constitution. This theory of federal removal jurisdiction is plainly frivolous. First, it is clear that "[a]llegations made for the first time" in a defendant's removal papers "cannot support the removal of a case on federal question grounds." Four Keys Leasing & Maintenance Corp. v. Simithis, 849 F.2d 770, 773 (2d Cir. 1988).

More to the point, Dobrynina's ill-defined "takings" theory is either (i) a defense to the relief sought by Pisciotta in the underlying action, or (ii) a separate—and, as yet, unasserted—claim against one or more governmental entities. In either case, the "takings" theory provides no colorable basis for removing the HP Proceeding to this Court under 28 U.S.C. § 1441. Indeed, Dobrynina offers no reason to disregard the firmly established rule that federal question jurisdiction may not arise from a defense but must rather appear on the face of the plaintiff's well-

4

pleaded complaint. Although Dobrynina's attorney, Mr. Haywoode, makes vague reference to the "artful pleading doctrine" and the "complete pre-emption doctrine" as exceptions to the well-pleaded-complaint rule, he has never argued–much less demonstrated–that either doctrine applies in this case, and such an argument would be frivolous in any event.

Because this HP Proceeding arises under the New York City Administrative Code, not under the Constitution or laws of the United States,[3] because no federal statute or constitutional violation is alleged in Pisciotta's Housing Court petition, and because Dobrynina has not identified any substantial question of federal law implicated in that petition, this case is hereby REMANDED for lack of subject matter jurisdiction.

## B. Additional Procedural Defects

The Court notes that the same result is dictated by the numerous procedural defects in the Notice of Removal. The Notice of Removal is both untimely and filed in the absence of consent by all respondents. Indeed, these defects were raised by both Pisciotta and HPD (see Docket Nos. 4, 8), as well as by the Court in its Dec. 31 Order.

This case was removed more than a year after Dobrynina received the initial pleading in the Housing Court action, and Dobrynina has not identified any "amended pleading, motion, order or other paper" from which it was later ascertained that the case had become removable. See 28 U.S.C. § 1446(b). To the extent that Dobrynina might rely on the Housing Court's Sept. 4 Order

---

[3] This conclusion follows a long line of cases in which district courts have held that landlord-tenant matters present no federal question. "[T]ime and again, district courts have disclaimed jurisdiction over landlord-tenant disputes and remanded them" to state court. United Mutual Houses, L.P. v. Andujar, 230 F. Supp. 2d 349, 354 (S.D.N.Y. 2002). See also MTI Residential Svcs. v. Alston, No. 07-CV-2002 (SJF) (ARL), 2007 U.S. Dist. LEXIS 42943, at *6 (E.D.N.Y. May 31, 2007) (citing Hearn v. Lin, No. 01-CV-8208, 2002 U.S. Dist. LEXIS 10724, 2002 WL 720829, at *4 (E.D.N.Y. Feb. 14, 2002) (collecting cases) and Soms v. Aranda, No. 00 Civ. 9626, 2001 U.S. Dist. LEXIS 8498, 2001 WL 716945, at *1 (S.D.N.Y. June 26, 2001) ("It is appropriate for a federal court to abstain in landlord-tenant actions, as they involve complex questions of state law that bear on important state policy issues.") (internal quotation marks and citation omitted)).

to establish removability, this removal would clearly be untimely by that measure as well. Even without identifying the document on which he relies, Dobrynina's counsel conceded during oral argument that this case was untimely removed. Counsel has not, however, explained why he proceeded with the removal notwithstanding the fact that he knew such removal to be untimely.

As for her failure to comply with the "rule of unanimity," Dobrynina argues that HPD, although nominally a co-respondent in the HP Proceeding, actually has interests counter to Dobrynina's in that action. First, the fact that two co-respondents in a case might have divergent interests is perfectly unremarkable. Second, and more importantly, this fact does not, as Dobrynina baldly asserts, negate the need for Dobrynina to secure HPD's consent to the removal. Dobrynina's failure to obtain the consent of her co-respondents also requires remand. See Fed. Ins. Co. v. Tyco Int'l Ltd., 422 F. Supp. 2d 357, 384 (S.D.N.Y. 2006).[4]

### C. Rule 11 Sanctions and Costs and Fees Under 28 U.S.C. § 1447(c)

Although this case is hereby remanded to state court, this Court retains jurisdiction solely for the purposes of addressing (i) the propriety of Rule 11 sanctions against Mr. Haywoode, and (ii) any application by Pisciotta and/or HPD for the costs and expenses, including attorney fees, incurred as a result of the removal. See Bryant v. Britt, 420 F.3d 161, 162 (2d Cir. 2005) ("a district court has jurisdiction to consider a motion for fees and costs under § 1447(c), even after it has remanded a case to state court.").

---

[4] In addition, Dobrynina has never explained whether Saytsev consented to the removal or why Saytsev does not appear in the caption of her Notice of Removal. Saytsev (i) was named in the Housing Court petition, (ii) appeared in the caption of the November 1, 2007 stipulation, (iii) signed that stipulation, and (iv) appeared in the caption of the Housing Court's Sept. 4 Order. Dobrynina has not indicated that Saytsev is no longer a party to these proceedings, much less demonstrated that that is the case. As such, Dobrynina's failure to obtain Saytsev's consent to the removal constitutes yet another defect in her Notice of Removal.

"Rule 11 explicitly and unambiguously imposes an affirmative duty on each attorney to conduct a reasonable inquiry into the viability of a pleading before it is signed." Four Keys, 849 F.2d at 774 (quoting Eastway Construction Corp. v. City of New York, 762 F.2d 243, 252 (2d Cir. 1985)) (affirming Rule 11 sanctions on attorney for filing plainly frivolous removal and imposing additional Rule 11 sanctions for filing frivolous appeal). Moreover, costs and fees may be awarded under § 1447(c) where the "removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).

## CONCLUSION

For the foregoing reasons, this case is REMANDED to state court forthwith, pursuant to 28 U.S.C. § 1447(c). In addition, Dobrynina's attorney, M. Douglas Haywoode, is ORDERED to show cause, in writing, on or before February 27, 2009, why he should not be sanctioned for filing a plainly frivolous Notice of Removal in this case. The Court will retain jurisdiction over the parties for the sole purpose of determining the propriety of Rule 11 sanctions and entertaining any application by Pisciotta and/or HPD for the costs and expenses, including attorney fees, incurred as a result of this improper removal. Any such motion by Pisciotta and/or HPD must be filed no later than February 13, 2009. In the event that such a motion is filed, Dobrynina shall file her opposition thereto no later than February 27, 2009.

SO ORDERED.

Dated: Brooklyn, New York
January 22, 2009

ROSLYNN R. MAUSKOPF
United States District Judge