UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MICHAEL PISCIOTTA,

                Petitioner,

            - against -                        MEMORANDUM AND ORDER
                                               08-CV-5221 (RRM) (MDG)
NADEJDA DOBRYNINA and DEPARTMENT OF
HOUSING PRESERVATION AND DEVELOPMENT,

                Respondents.
------------------------------------------------------------------X
MAUSKOPF, United States District Judge.

This action, originally filed in October 2007 in housing court in Brooklyn, New York, was removed to this Court on December 24, 2008. By Memorandum and Order dated January 22, 2009, the Court remanded the underlying action to state court, pursuant to 28 U.S.C. § 1447, based on the absence of subject matter jurisdiction and numerous procedural defects in the removal. The Court retained jurisdiction over the parties for the limited purpose of determining (i) whether to impose sanctions under Federal Rule of Civil Procedure 11 ("Rule 11") and (ii) whether to award costs and attorneys' fees under 28 U.S.C. § 1447(c). *Pisciotta v. Dobrynina*, No. 08-CV-5221(RRM)(MDG), 2009 U.S. Dist. LEXIS 4395; 2009 WL 159605 (E.D.N.Y. Jan. 22, 2009) ("*Pisciotta I*"). For the reasons set forth below, the Court hereby sanctions M. Douglas Haywoode, Esq. ("Haywoode"), counsel for the removing party, respondent Nadejda Dobrynina ("Dobrynina"), pursuant to Rule 11.

## BACKGROUND

On October 29, 2007, Petitioner Michael Pisciotta ("Pisciotta") filed a Verified Petition in the Housing Part of the Civil Court of the City of New York, Kings County, naming Dobrynina, Victor Saytsev ("Saytsev"), and the Department of Housing Preservation and

1

Development ("HPD") as respondents. Pisciotta, a tenant in the building located at 3815 Seagate Avenue in Brooklyn, sought an order: (i) compelling the owners(s) and/or agent(s) of his building to make certain repairs to his apartment, and (ii) directing HPD to take enforcement action against the building's owner(s) and/or agent(s). This type of proceeding, brought pursuant to Section 27-2115 of the Administrative Code of the City of New York, is commonly referred to as an "HP proceeding."[1] HP proceedings provide a mechanism for tenants to seek redress for alleged violations of housing standards laws. *See* N.Y. Admin. Code § 27-2115(a), (c).

Also on October 29, 2007, a Judge of the Housing Court issued an order directing the respondents to show cause why they should not be required to correct the alleged violations. On November 1, 2007, Pisciotta, Dobrynina, and Saytsev appeared in Housing Court and settled the case by stipulation on the condition that certain repairs, including restoration of gas service, would be made within 14 days. *See Pisciotta v. Saytsev*, No. 2809/2007 (N.Y. Civ. Ct. Sept. 4, 2008) (order granting Pisciotta's motion for an order to show cause and denying Dobrynina's cross-motion to vacate the stipulation) (hereinafter, the "Sept. 4 Order").

Evidently the key repairs, including restoring gas to the premises, were not made, prompting Pisciotta to file a motion in the Housing Court seeking enforcement of the terms of the stipulation. *Id.* Dobrynina, through counsel, opposed Pisciotta's motion and cross-moved to vacate the stipulation, arguing that the repairs were prohibitively expensive. *Id.* The Housing Court denied Dobrynina's cross-motion, concluding, *inter alia*, that Dobrynina was well aware of the cost of repairs prior to entering into the stipulation of settlement, and scheduled a hearing on civil penalties for Dobrynina's failure to comply with the terms of the stipulation. *Id.*

---

[1] *See, e.g., D'Agostino v. Forty-Three E. Equities Corp.*, 842 N.Y.S.2d 122, 123 (N.Y. App. Div. 2007) (describing "HP proceedings"); *see also* New York State Unified Court System, "Starting a HP Proceeding to Obtain Repairs," *available at* http://www.courts.state.ny.us/courts/nyc/housing/startinghp.shtml.

On December 24, 2008, Haywoode filed a Notice of Removal on behalf of Dobrynina, thereby removing the Housing Court action to this Court pursuant to 28 U.S.C. § 1446. Noting the apparent lack of subject matter jurisdiction and numerous procedural defects in the removal, this Court issued an Order on December 31, 2008, directing Dobrynina's counsel to show cause why this action should not be remanded to state court pursuant to 28 U.S.C. § 1447(c). (Docket No. 2.) On January 21, 2009, the parties appeared for oral argument before the Court. The next day, the Court issued *Pisciotta I*, remanding the underlying action to state court but retaining jurisdiction to consider sanctions under Rule 11 and costs and fees under § 1447(c). *See Bryant v. Britt*, 420 F.3d 161, 162 (2d Cir. 2005) (a district court may retain jurisdiction over the parties after a § 1447 remand to consider sanctions under Rule 11 or a motion for fees and costs under § 1447(c)). On February 20, 2009, Haywoode filed his "Affirmation in Defense of Order for Sanctions [*sic*]." (Docket No. 15 ("Haywoode Opp'n").)

## APPLICABLE LAW

Rule 11 provides in relevant part:

> By presenting to the court a pleading, written motion, or other paper — whether by signing, filing, submitting, or later advocating it — an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; [and]
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law... .

Fed. R. Civ. P. 11(b).

3

In *Four Keys Leasing & Maint. Corp. v. Simithis*, 849 F.2d 770 (2d Cir. 1988), the Second Circuit reviewed the imposition of Rule 11 sanctions based on an attorney's filing of a frivolous removal petition. The *Four Keys* court deemed sanctions appropriate where "it should have been patently obvious to any attorney who had familiarized himself with the law governing removal of actions to the federal courts" that the removal in that case was "frivolous." *Id.* at 773. The Second Circuit explained the scope of the duty imposed on attorneys by Rule 11:

> No longer is it enough for an attorney to claim that he acted in good faith, or that he personally was unaware of the groundless nature of an argument or claim ... the language of ... Rule 11 explicitly and unambiguously imposes an affirmative duty on each attorney to conduct a reasonable inquiry into the viability of a pleading before it is signed.

*Id.* at 774 (quoting *Eastway Constr. Corp. v. City of New York*, 762 F.2d 243, 252 (2d Cir. 1985) (alterations in original)).

In assessing the propriety of removal in *Four Keys*, the Second Circuit concluded that federal question jurisdiction was plainly lacking, reciting the well established rule that "removal based on federal question jurisdiction is improper unless a federal claim appears on the face of a well-pleaded complaint." *Id.* at 743 (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 10 (1983)). The court further noted that "[a]llegations made for the first time in a removal petition ... cannot support the removal of a case on federal question grounds." *Id.* As such, the inclusion of vague and conclusory references to constitutional provisions in the removal petition was deemed "woefully inadequate to support removal" in that case. *Id.* at 774.

Concluding that the removal of the action to federal court was "plainly frivolous," the Second Circuit found not only that the district court's imposition of Rule 11 sanctions was appropriate, but that additional Rule 11 sanctions were warranted for the frivolous appeal that followed. *Id.* In sum, the Second Circuit in *Four Keys* concluded that any "competent attorney"

who had conducted a "reasonable inquiry into the applicable law and the facts and procedural history" of that action "would have known that there was no justification whatever" for its removal. That assessment, in the court's view, was tantamount to a finding of bad faith. *Id.*

## DISCUSSION

Haywoode's purported basis for invoking this Court's removal jurisdiction more than a year after the commencement of the Housing Court action is that, during the course of those proceedings, Dobrynina was somehow subjected to a regulatory "taking" within the meaning of the Fifth and Fourteenth Amendments to the United States Constitution. In *Pisciotta I*, the Court reviewed the background and procedural history of this action and concluded that Haywoode's asserted basis for federal removal jurisdiction was "plainly frivolous." As the Court noted in its prior Memorandum and Order:

> Dobrynina's ill-defined "takings" theory is either (i) a defense to the relief sought by Pisciotta in the underlying action, or (ii) a separate – and, as yet, unasserted – claim against one or more governmental entities. In either case, the "takings" theory provides no colorable basis for removing the HP Proceeding to this Court under 28 U.S.C. § 1441. Indeed, Dobrynina offers no reason to disregard the firmly established rule that federal question jurisdiction may not arise from a defense but must rather appear on the face of the plaintiff's well-pleaded complaint.

*Pisciotta I*, 2009 U.S. Dist. LEXIS 4395, at *7; 2009 WL 159605, at *2. Although Haywoode's past submissions made "vague reference to the 'artful pleading doctrine' and the 'complete preemption doctrine' as exceptions to the well-pleaded complaint rule," Haywoode has never presented any argument as to how either doctrine might possibly apply in this case, and, as the Court noted previously, any such argument "would be frivolous in any event." *Id.*, 2009 U.S. Dist. LEXIS 4395, at *8; 2009 WL 159605, at *2.

5

Haywoode's most recent submission only reinforces the Court's conclusion that the notice of removal filed in this case was "plainly frivolous." *Id.*, 2009 U.S. Dist. LEXIS 4395, at *7; 2009 WL 159605, at *2. Indeed, the majority of Haywoode's 16-page submission consists of whimsical, meandering prose that is largely unresponsive to the Court's Order to Show Cause. Where Haywoode does address the issue currently before the Court, he suggests that his invocation of federal jurisdiction might be justified under existing law, citing to a section from a treatise on federal civil practice. (*See* Haywoode Opp'n at ¶ 9 (citing K. Sinclair, *Federal Civil Practice*, §2:5.3).)

Haywoode evidently relies on the following sentence from Sinclair's treatise:

> If it cannot be ascertained from the complaint that the case is removable, the defendant may petition for removal based on subsequent pleadings that establish removability.

Sinclair, *Federal Civil Practice*, § 2:5.3. That language substantially mirrors the text of 28 U.S.C. § 1446(b), which includes the following exception to the default deadline – 30 days from receipt of an initial state court pleading or summons – for filing a notice of removal:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable ... .

28 U.S.C. § 1446(b).

None of the foregoing constitutes a tenable justification for filing the notice of removal in this case. As the Court previously noted, the underlying Housing Court action was filed more than a year before Dobrynina first sought removal, and Haywoode has failed to identify "any 'amended pleading, motion, order or other paper' from which it was later ascertained that the

case had become removable," even after the Court highlighted that omission in *Pisciotta I*. 2009 U.S. Dist. LEXIS 4395, at *9; 2009 WL 159605, at *3. As such, no competent attorney could have concluded that the notice of removal filed in this case was timely.[2]

Nor could any competent attorney have concluded that the case was removable under the Court's federal question jurisdiction. As explained above, and as the Court noted in *Pisciotta I*, the underlying state Housing Court action arose "under the New York City Administrative Code, not under the Constitution or laws of the United States ... ." *Id.*, 2009 U.S. Dist. LEXIS 4395, at *8; 2009 WL 159605, at *3. No reasonable attorney could have concluded otherwise.

Although it is sufficient for purposes of Rule 11 that any competent attorney would have recognized the removal in this case to be both untimely and improper, even more troubling is the fact that Haywoode's actions amounted to an eleventh-hour attempt to divest the state Housing Court of jurisdiction over this case at a critical time in the litigation. Only after the Housing Court rejected his client's attempt to repudiate the parties' settlement agreement and indicated its intent to impose civil penalties against his client did Haywoode seek a new judicial forum. Indeed, in his response to the Court's Order to Show Cause, Haywoode stated that his filing of the notice of removal was "timed to prevent the imposition of those very penalties ... ." (Docket No. 6 at 1.) The law governing removal of state court actions to federal court does not countenance such gamesmanship. Neither does Rule 11.

---

[2] Moreover, Haywoode still has never adequately explained his failure to secure the two co-respondents' consent to the removal. Respondent HPD did not merely withhold its consent, but actively opposed the removal. In addition, to this day, Haywoode fails to account for the status of respondent Saytsev, who – although a respondent throughout the pendency of the state Housing Court proceedings – was inexplicably omitted from the caption upon Haywoode's filing of the notice of removal in this Court. Although the Court noted that omission in *Pisciotta I* as well, Haywoode still provides no explanation.

## CONCLUSION

For the foregoing reasons, the Court finds that attorney M. Douglas Haywoode violated his obligations under Rule 11 by filing a plainly frivolous notice of removal in this case. Accordingly, the Court hereby sanctions Haywoode in the amount of $500. Haywoode shall pay that fine to the Clerk of the Court by no later than July 31, 2009.

SO ORDERED.

Dated: Brooklyn, New York
July 1, 2009

ROSLYNN R. MAUSKOPF
United States District Judge